UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ACCESS LIVING OF METROPOLITAN CHICAGO, INC., an Illinois non-profit corporation,<br><br>        Plaintiff,<br><br>        v.<br><br>CITY OF CHICAGO, an Illinois municipal corporation,<br><br>        Defendant. | Case No. 1:18-cv-03399<br>Honorable Robert M. Dow Jr.<br>Magistrate Judge Jeffrey Cole |

**PROTOCOL FOR PRODUCTION OF ELECTRONICALLY STORED INFORMATION**

Pursuant to Federal Rule of Civil Procedure 26, Plaintiff Access Living of Metropolitan Chicago ("Plaintiff" or "Access Living") and Defendant City of Chicago ("Defendant" or "City") (collectively, "the Parties" and each a "Party"), by their respective counsel in the abovecaptioned action, stipulate and agree that the following Protocol for Production of Electronically Stored Information (the "ESI Protocol") shall govern the production of documents and ESI in this matter.

**A. SCOPE**

1. This ESI Protocol shall govern the production of documents and electronically stored information ("ESI"), as described in Federal Rules of Civil Procedure 26, 33, and 34.

2. The Parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with the Principles Relating to the Discovery of Electronically Stored Information (the "Principles") of the 7th Cir. Electronic Discovery Committee.

3. Although the Parties are bound to follow this protocol, they acknowledge that this case involves non-standard data sources and they agree to meet and confer if either Party is unable to comply with a provision herein, or if doing so would result in an undue and disproportionate burden.

4. Nothing in this ESI Protocol shall supersede the provisions of the Stipulated Rule 502(d) Order, the Agreed Confidentiality Order, or the Federal Rules of Civil Procedure.

**B.    MANNER OF PRODUCTION**

1. A legible copy of each document requested is to be produced. Any copy of a document that varies in any way whatsoever from the original or from any other copy of the document, whether by reason of handwritten or other notation or any addition or omission, shall constitute a separate document and must be produced. When processing all electronic documents for metadata and images, the software will be set to remove duplicate documents. If it is impossible to produce a fully legible copy, the best copy available will be produced, and a certification that no fully legible copy is available will be provided upon request. The Parties reserve the right to inspect the original of any document produced upon reasonable request.

2. In producing the documents, all documents that are physically attached to each other shall be considered one document and left so attached. Documents that are segregated or separated from other documents, whether by inclusion in binders, files, subfiles, or by use of

dividers, tabs, or other methods, shall be left so segregated or separated. Documents shall be retained in the order in which they are maintained in the file where they are found.

    3.    ESI includes any information contained as or in or related to electronic messages in any digital or electronic format, including emails, text messages, tweets, social media posts, internet chatroom posts, and Instant Messages (IM); Web pages; text messages; documents created in the Microsoft Office suite, including Excel spreadsheets and underlying formulae; databases; erased, fragmented or damaged data; anything stored on computer or other electronic means located on or in, but not limited to cache memory. Subject to principles of proportionality, Parties will identify and search for ESI on hardware and software under their control, and which is reasonably believed to contain information relevant to the claims or defenses in this matter, including any computer, electronic database, server, operational system including accounting, financial, distribution, or manufacturing systems, email server or system, Internet-based/cloud storage system, electronic device including mobile telephones or devices, and digital or recorded media of any kind (including CDs, DVDs, diskettes, internal or external hard drives, magnetic disks, magnetic tapes, back-up tapes, magneto-optical media, flash/jump/USB drives). All ESI is to be produced electronically as specified below:

    A.    Paper and electronic documents shall be produced in Tagged Image File Format (TIFF or TIF) files. Each image should have a unique file name, which is the Bates number of the page. TIFF files shall be produced in single-page 300 DPI LZW or 1-bit single-page, 300 DPI CCITT Group IV TIFF images (except that any native file that is in the form of a TIFF image need not be scanned or re-processed simply to achieve such minimum resolution when produced). When scanning paper documents, distinct documents should not be

        merged into a single record, and single documents should not be split into multiple records. However, nothing in this protocol shall be read as requiring Parties to convert paper documents into electronic documents for production purposes, where such conversion would be unduly burdensome.

B.      Each page of a produced ESI document will contain a legible Bates number that: (1) is unique across the document production; (2) has a constant length (0padded) across the production; and (3) is sequential within a given document.

C.      If a Bates number or set of Bates numbers is skipped in a production, the Parties will note in a cover letter to the production that the production contains skipped Bates numbers. The Bates number shall be placed on the page image in a manner that does not conceal or interfere with any information contained on the page. No other stamp or information will be placed on a document other than Bates number and any redactions. Confidentiality stamps will also be placed on documents as needed.

D.      After initial production in TIFF format, the Parties reserve the right to request in writing that specific documents be produced in their native format. The Parties reserve the right to make a first production in the format in which they maintain documents in the normal course of business.

E.      Any databases, MS-Excel spreadsheets, and media files shall be produced in native format with a placeholder TIFF file. The Bates-number requirements specified above shall not apply to files produced in native electronic format. Any file produced in its native format is to be named with its corresponding Bates

number and extension. To the extent a database cannot be produced in a usable format, it should be converted to an MS-Excel spreadsheet or a file format that can be uploaded into MS-Access. The load file (discussed further below) shall contain a link to any native file produced. For any data saved in a proprietary or non-standard electronic format, the producing Party must also identify and/or provide the computer program necessary to read and access such information.

F. Each production shall consist of three load files: an image load file, a metadata load file, and an OCR control list file.

    1. The image load file shall provide image and document break information for the TIFF files produced that correspond to the beginning Bates numbers contained in the metadata load file. Every TIFF file in each production must be referenced in the corresponding image load file. The total number of TIFF files referenced in the image load file should match the number of TIFF files in the production. The formatting requirements for the load files are contained in Appendix B.

    2. Metadata should be extracted and produced as a metadata load filed during the process of converting ESI from the electronic format of the application in which the ESI is normally created, viewed and/or modified to TIFF. To the extent they are available in collected data, the metadata values that are to be extracted and produced in the metadata load files are provided in Appendix A. In addition to any metadata collected and

        produced, the metadata load file for each production shall provide the Bates numbers and the Bates number attachment range for email or other documents containing attachments.

    3. See instructions in Appendix B for producing extracted text for OCR.

G. Data that is not collected from an individual's hard drive or network share and is not reasonably identifiable as to source will be designated as "company documents" in a coding field, as they cannot be related to an individual custodian or source. Metadata may be withheld for redacted documents only in situations where the metadata could reveal the text that was redacted.

H. All searchable text including extracted text and OCR is to be provided as multi-page searchable text (.TXT) files. Searchable text may exclude redacted material.

I. For documents that do not contain redactions, produce an extracted text file for each electronic document and an Optical Character Recognition ("OCR") text file for each imaged paper document. For documents that contain redactions, provide an OCR text file made from the redacted images.

J. To the extent Defendant redacts any document, such redaction shall be clearly marked on the TIFF image of the document.

C. **THIRD-PARTY ESI**

1. A Party that issues a non-party subpoena (the "Issuing Party") shall include a copy of this ESI Protocol with the subpoena and state that the Parties to the litigation have

requested that third parties produce documents in accordance with the specifications set forth herein.

  2.  The Issuing Party is responsible for producing any documents obtained under a subpoena to all other Parties.

  3.  If the Issuing Party receives any hard-copy documents or native files, the Issuing Party will process the documents in accordance with the provisions of this ESI Protocol, and then produce the processed documents to all other Parties.

  4.  However, any documents the Issuing Party does not intend to process for its own use may be disseminated to all other Parties in the format in which such documents are received by the Issuing Party. If the Issuing Party subsequently processes any such documents, the Issuing Party will produce those processed documents to all other Parties.

  5.  If the non-party production is not Bates-stamped, the Issuing Party will endorse the non-party production with unique prefixes and Bates numbers prior to producing them to all other Parties.

**D.**  **E-DISCOVERY LIAISON**

  1.  The Parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI.

  2.  Each e-discovery liaison will be knowledgeable or provide access to someone who is knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter.

  3.  The Parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

4. The Parties' respective e-discovery liaisons are: Travis Beck (for Plaintiff); Brett Anders (for Defendant).

**E. OTHER**

1. In scanning paper documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records (*i.e.*, paper documents should be logically unitized). In the case of an organized compilation of separate documents – for example, a binder containing several separate documents behind numbered tabs – the document behind each tab should be scanned separately, but the relationship among the documents in the compilation should be reflected in the proper coding of the beginning and ending document and attachment fields. The Parties will make their best efforts to unitize the documents correctly.

2. Nothing in this ESI Protocol should require ESI and other tangible or hard copy documents that are not text-searchable to be made text-searchable. Nevertheless, counsel or the Parties are encouraged to discuss cost sharing for OCR or other upgrades of paper documents or non-text-searchable electronic images that may be contemplated by each Party. If a producing Party creates OCR of paper documents or non-text-searchable electronic images it produces for its own use, that producing Party should provide OCR to the other Party.

3. Nothing in this ESI Protocol shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. The Parties do not waive any objections as to the production, discoverability, admissibility, or confidentiality of documents and ESI.

4. Nothing in this ESI Protocol is intended or should be interpreted as narrowing, expanding, or otherwise affecting the rights of the Parties or third parties to object to a subpoena.

5. Counsel executing this ESI Protocol warrant and represent that they are authorized to do so on behalf of themselves and their respective clients.

*So ordered*

Dated: 3/23/20

_____
Magistrate Judge Jeffrey Cole

**WE SO MOVE
and agree to abide by the terms
of this Order**

/s/ Jennifer I. Klar

Michael G. Allen*
Jennifer I. Klar*
Lila Miller*
Kali Schellenberg*
RELMAN COLFAX PLLC
1225 19th Street NW, Suite 600
Washington, DC 20036
Tel: 202-728-1888 Fax: 202-728-0848
mallen@relmanlaw.com
jklar@relmanlaw.com
lmiller@relmanlaw.com
kschellenberg@relmanlaw.com

Kenneth M. Walden  Mary Rosenberg

**WE SO MOVE
and agree to abide by the
terms of this Order**

/s/ Monica H. Khetarpal

MONICA H. KHETARPAL
Monica.Khetarpal@jacksonlewis.com
JASON A. SELVEY
selveyj@jacksonlewis.com
Jackson Lewis P.C.
150 North Michigan Avenue, Suite 2500
Chicago, IL  60601
Phone: (312) 787-4949

MAGGIE SOBOTA
Maggie.Sobota@cityofchicago.org

Access Living of Metropolitan Chicago
115 West Chicago Avenue
Chicago, IL 60654
Tel: 312-640-2136
Fax: 312-640-2101 TTY: 312-640-2102
kwalden@accessliving.org
mrosenberg@accessliving.org

*Attorneys for Plaintiff*

*\*Admitted Pro Hac Vice*

CHRISTIE STARZEC
Christie.Starzec@cityofchicago.org
OSCAR PIÑA
Oscar.Pina@cityofchicago.org
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, IL 60602
Phone: (312) 742-0260 / 744-7864 / 742-0797

JOHN C. HANSBERRY
(admitted *pro hac vice*)
JHansberry@Foxrothschild.com
Fox Rothschild LLP
500 Grant Street, Suite 2500
Pittsburgh, PA 15219
Phone: (412) 394-5539

MATTHEW S. PAYNE
MPayne@Foxrothschild.com
Fox Rothschild LLP
321 North Clark Street, Suite 1600
Chicago, IL 60654
Phone: (312) 517-9232

*Attorneys for Defendant*

*Access Living of Metropolitan Chicago v. City of Chicago* Case No. 18-cv-03399

**Appendix A: Metadata Values To Be Provided With Production**

Metadata from Email:
- Email Subject
- Email Author
- Email Recipient
- Email CC
- Email BCC
- Email Received Date (format: MM/DD/YYYY)
- Email Received Time (format: hh:mm:ss)
- Email Sent Date (format: MM/DD/YYYY)
- Email Sent Time (format: hh:mm:ss)

Metadata from Electronic Files:
- File Name
- File Author
- File Created Date (format: MM/DD/YYYY)
- File Create Time (format: hh:mm:ss)
- File Modified Date (format: MM/DD/YYYY)
- File Modified Time (hh:mm:ss)
- File Extension
- Native File Link (where files are being produced in native form)

Metadata for both Email and Electronic Files:
- Custodian/Source (including custodian/source of duplicates)
- Confidentiality Designation
- Production Number Begin
- Production Number End
- MD5 or SHA Hash (if generated when processed)
- (If using alternative to Control List File) Relative path to text file—file path to the location of the extracted text or OCR text file.

Metadata for E-Discovery with Attachments:
- Production Number Begin
- Production Number End
- Production Attachment Range Number Begin
- Production Attachment Range Number End

*Access Living of Metropolitan Chicago v. City of Chicago* Case No. 18-cv-03399

**APPENDIX B: Formatting Guidelines for ESI Load Files**

Image Formats:
- Single Page TIFF files named using the BATES NUMBER
- 300 DPI and LZW or 1-bit single-page, 300 DPI CCITT Group IV TIFF images
- Color images provided as JPEG format

OCR/Extracted Text:
- Single Page OCR text (ANSI) files named same as TIFF images
- Should be produced as separate text files, not as fields within the .DAT file
- A Control List file should be provided with reference to the Bates number and path to the TEXT file (OCR Control List). It shall have the following structure:
    - The first field (in the example below, a Bates number) identifies the record that requires the OCR text.
    - The second field is the path to the OCR text file.
        - 0010042,J:\OCR\001042.txt
        - 0010046,J:\OCR\001046.txt
- Alternatively, a Party may, in lieu of the Control List File, provide the following:
    - Document level extracted text files (or OCR for non-ESI documents) corresponding to each produced document. Each text file shall be named to match their respective document production/Bates number and shall be referenced by the corresponding database metadata load file containing the relative path and file name of that text file.

Additional Production Guidelines:
- No directory and/or folder containing files should contain more than 1000 files.
- All productions should be organized by custodian unless otherwise instructed or agreed upon by counsel. The Parties reserve the right to meet and confer before production. Other formats may make more sense depending on the types of documents produced. For example, chronological production may make more sense.
- All document family groups, i.e. email attachments, embedded files, etc., should be produced together with the child document(s), which should follow parent files sequentially in the Bates numbering or be otherwise labeled using metadata.
- All load files should follow a standard naming convention across all media (OPT, DAT, LOG).
- All load-ready collections should include only one data load file and one image pointer file.