UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ACCESS LIVING OF METROPOLITAN CHICAGO, INC., an Illinois non-profit corporation,<br><br>           Plaintiff,<br><br>      v.<br><br>CITY OF CHICAGO, an Illinois municipal corporation,<br><br>           Defendant. | Case No. 1:18-cv-03399<br>Honorable Ronald Guzman<br>Honorable Jeffrey Cole |

**PLAINTIFF'S JANUARY 13, 2023 STATUS REPORT**

Plaintiff Access Living of Metropolitan Chicago, Inc. ("Plaintiff") submits the following Status Report in advance of the January 18, 2023 Status Hearing.

1. **Overview**

As the Court is well aware, this case concerns Plaintiff's allegations that the City of Chicago ("Defendant" or the "City") has failed to ensure that the affordable housing developments it has funded through the Affordable Rental Housing Program ("Program") meet the architectural and program accessibility requirements of Section 504 of the Rehabilitation Act, the Americans with Disabilities Act, and the Fair Housing Act ("Federal Accessibility Requirements").

All fact discovery is complete. Plaintiff files this status report to update the Court on Plaintiff's completion of expert reports and their impact on potential settlement discussions. The reports of Plaintiff's experts confirm a widespread, systemic failure on the part of the Defendant

to comply with the Federal Accessibility Requirements, resulting in thousands of units with barriers preventing their use by people with disabilities.

2. **Expert Disclosures and Discovery**

On January 3, 2023, Plaintiff timely disclosed four experts.

Bill Hecker, Plaintiff's architectural accessibility expert, conducted Measurement Reviews of as-built conditions for 96 developments in the Program, Plan Reviews of blueprints for 77 such developments, and analysis of nine (9) accessibility surveys conducted by the Mayor's Office for People with Disabilities, and opined that 100% of those developments failed to comply with the Federal Accessibility Requirements.[1] His report describes how the City's failures in the oversight of the design and construction of these developments deprive people with disabilities of meaningful access to all the multifamily housing developments that he evaluated, chronicling hundreds of specific instances of violations.

The report of Dr. Bernard Siskin describes his statistical analysis of the estimated percentage of developments in the Program that would fail a test of architectural accessibility based on random samples of developments subjected to architectural accessibility analysis as part of this litigation. For example, Dr. Siskin concludes: "Based on the measurement review conducted, my best statistical estimate is that if all 542 projects subject to Section 504 were inspected, 100% would fail. I am 97.5% confident that at least 92.4% (or 501 projects) would fail."

---

[1] Defendant has actual or constructive knowledge about the compliance status of each of the developments upon which Mr. Hecker bases his opinions, insofar as: (1) the City had counsel and/or an architectural expert present at each of the 96 site inspections underlying the 96 Measurement Reviews; (2) the City received, reviewed, and approved the building plans for Hecker's 77 Plan Reviews (even though it did not produce many of these in discovery and Plaintiff was required to subpoena them from owners); and (3) the City's own Mayor's Office for People with Disabilities conducted the nine (9) accessibility reviews.

John L. Wodatch, Plaintiff's expert on the federal requirements applicable to the operation of municipal affordable housing programs ("program accessibility"), reviewed a voluminous record, and opined that Defendant has operated (and continues to operate) the Program in a manner that violates the Federal Accessibility Requirements. His report identifies how, among other things, Defendant has failed to: (1) develop the substantive and procedural safeguards necessary to ensure that City-funded developers comply with Federal Accessibility Requirements in Program developments; (2) identify and publicize to people with disabilities the location of accessible units; (3) develop a process for ensuring accessible units are reserved for people with disabilities and that able-bodied tenants are moved out of such units; or (4) impose a single sanction from 1988 to the present on any owner in the Program who is out of compliance with the Federal Accessibility Requirements.

Finally, Judith Heumann's report opines on the injury to Access Living caused by the Defendant's failure to ensure architectural and program accessibility in the Program and Access Living's reasonable expenditures of staff time and resources to respond to the accessibility violations.

Defendant's expert disclosures are due on March 6, 2023. The close of oral expert discovery is May 8, 2023.

### 3. Settlement

The Parties appeared for a brief in-person status conference with Judge Guzman on November 2, 2022. In response to the Court's inquiry, Defendant's counsel replied that Defendant would determine its position with respect to summary judgment proceedings and settlement once it had received and reviewed Plaintiff's expert reports. Plaintiff's counsel advised the Court that Access Living had proposed a settlement framework in July 2018 and

renewed the proposal on two occasions. Plaintiff's counsel again wrote to Defendant's counsel on November 9, 2022, renewing the settlement proposal and offering early disclosure of Mr. Hecker's report as a means of facilitating settlement discussions. There has been no response from Defendant.

Now that Defendant has Plaintiff's expert reports, Plaintiff seeks any assistance the Court can offer concerning voluntary resolution, including identifying the City officials with authority to consider settlement[2] and facilitating a discussion of settlement now that Plaintiff's expert reports have alerted Defendant to the scope of the accessibility violations.

Judge Guzman has set another status conference for May 9, 2023.

---

[2] Magistrate Judge Cole asked Defendant in 2021 to identify settlement decision-makers for the City and provide that information (at least generically) at the next status conference. The City has not done so.

Dated: January 13, 2023

/s/ Michael G. Allen
Michael G. Allen*
Jennifer I. Klar*
Valerie D. Comenencia Ortiz*
Emily Curran**
RELMAN COLFAX PLLC
1225 19th Street NW, Suite 600
Washington, DC 20036
Tel: 202-728-1888
Fax: 202-728-0848
mallen@relmanlaw.com
jklar@relmanlaw.com
vcomenenciaortiz@relmanlaw.com
ecurran@relmanlaw.com

Kenneth M. Walden
Mary Rosenberg
Access Living of Metropolitan Chicago
115 West Chicago Avenue
Chicago, IL 60654
Tel: 312-640-2136
Fax: 312-640-2101
kwalden@accessliving.org
mrosenberg@accessliving.org

*Attorneys for Plaintiff*

*\*Admitted Pro Hac Vice*
*\*\*Pro Hac Vice Application Pending*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2023, a true and correct copy of the foregoing Plaintiff's January 13, 2022 Status Report was served via CM-ECF on all attorneys of record.

/s/ Michael G. Allen
Michael G. Allen